UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES MILES, | ) | CASE NO. 5:09 CV 317 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHASE HOME FINANCE, LLC, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 11, 2009, pro se plaintiff James Miles filed this action against Chase Home Finance, LLC ("Chase"). In the complaint, plaintiff asserts that he "seeks collateral attack and estoppel" of the execution on a foreclosure judgment. Mr. Miles also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).

**Background**

Mr. Miles provides very few factual allegations in his complaint. He does, however, state that a judgment was rendered against him in a foreclosure action filed in the Wayne County, Ohio Court of Common Pleas. See Chase Home Finance v. James L. Miles, Case No. 07-CV-0843 (Wayne Cty Ct. Comm. Pl. filed Nov. 21, 2007).[1] Multiple orders of sale have been issued to the Wayne County Sheriff. On December 17, 2009, the state court ordered the property be withdrawn from sale and that the order of sale be returned again without execution. Mr. Miles claims, "[t]his Defendant did commit fraudulent conversion[.] [T]hey received the property of James Miles from the original mortgage holder and are using it for their benefit." Complaint (Doc. 1) at 1. He also

---

[1] Wayne County Court of Common Pleas dockets can be viewed at: http://courtsweb.waynecourts.org/.

claims Chase "had fraudulent intent, when filing its summary judgment misleading James Miles into a course of action, makes a representation, which they knew it (sic) was false." Id. at 2. Mr. Miles asks this Court to stop the foreclosure and the sheriff's sale, and "[l]itigate all factors." Id.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.[2] For the reasons stated below, this action will be dismissed pursuant to section 1915(e).

As a threshold matter, Mr. Miles fails to set forth a basis for federal court jurisdiction. He provides a short narrative and then asks this court to overturn a state court judgment and enjoin its execution. Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990), and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Mr. Miles objects to representations made by Chase in a state court proceeding. He does not assert a violation of a federal statute or constitutional right, and therefore jurisdiction cannot be predicated on a federal question.

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) [formerly section 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Moreover, he states that Chase is located in Columbus, Ohio. See Summons (Doc. 1-2). He further states that he is a resident of West Salem, Ohio. See U.S. Marshal Form (Doc. 1-3). Therefore, jurisdiction cannot be premised on diversity of citizenship. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). Even liberally construed, the complaint does not sufficiently state a basis for federal jurisdiction.

To the extent that Mr. Miles is attempting to challenge the judgment in the state court foreclosure action, he cannot do so in this court. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The Sixth Circuit has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court

3

proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Mr. Miles directly attacks the state court's decision to permit the sale of his property in execution of the foreclosure judgment. All of the allegations in the complaint concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. Moreover, the plaintiff requests as relief that the state court's judgment be declared invalid and its execution enjoined. Any review of claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review on such issues or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

To the extent that Mr. Miles has filed this action seeking to litigate this matter anew, he is also barred from doing so. A federal court must give a state court judgment the same

preclusive effect it would have in the courts of the rendering state.  28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002).  Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit.  National Amusement, Inc. v. Springdale, 53 Ohio St.3d 60, 62 (1990).  The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Ohio court has already determined that Mr. Miles has defaulted on the terms of the mortgage and has issued judgment in favor of Chase.  This court is bound to give full faith and credit to the decisions of that court.

## Conclusion

Based on the foregoing, Plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is GRANTED and this action will be dismissed pursuant to 28 U.S.C. §1915(e).  Furthermore, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated:  January 11, 2010            /s/  John R. Adams
                                    JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE

---

[3]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

5